SCHENKE, APPELLANT, *v.* THE CENTRAL TRUST CO., APPELLEE. (Two cases.)

(Decided April 11, 1938.)

*Mr. Wm. B. Petermann* and *Mr. Donald E. Calhoun*, for appellant.

*Messrs. Nichols, Morrill, Wood, Marx & Ginter*, for appellee.

ROSS, P. J.   These two cases are appealed on questions of law from the Court of Common Pleas of Hamilton county, which court reversed the judgment of the Municipal Court of Cincinnati, wherein judgment was rendered for the plaintiff.

Plaintiff sued in the Municipal Court to recover from the defendant bank the amount of a check wrongfully charged against the account of plaintiff with such bank, it being the contention of the plaintiff that the signature of the payee was forged.

The defendant answered, claiming the plaintiff had suffered no loss and set up also a general denial.

There appears to be no question but that the defendant relied upon the endorsement of the paying bank. None of its employees had any knowledge of the various matters which may or may not be a ground for the paying bank to recover from the plaintiff, if it is

compelled to reimburse the defendant under its endorsement of guaranty.

Section 8128, General Code, provides:

"When a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative. No right to retain the instrument, give a discharge therefor, or to enforce its payment against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

There is nothing in this record which shows any ground for asserting that the plaintiff "is precluded from setting up the forgery" against the defendant in this action. Negligence of the drawer, to be a defense to the drawee, must involve some act upon which the drawee bank relied.

We in no way pass upon the rights existing either between the defendant and the paying bank or the paying bank and the plaintiff.

It is wholly impossible in this proceeding to consider such matters without a complete confusion of the various positions of the parties. It is always desirable to avoid circuity of action, but such advantage may not be attained at the expense of a proper adjudication of the rights accruing to the several parties, conditionally liable or interested.

The judgments of the Court of Common Pleas will be reversed, and those of the Municipal Court of Cincinnati affirmed.

*Judgments reversed.*

HAMILTON and MATTHEWS, JJ., concur.